## SCHULZ v. UNION RY. CO.

(Supreme Court, Appellate Term. June 6, 1907.)

DAMAGES—PERSONAL INJURIES—LOSS OF WIFE'S SOCIETY.

Where, in an action against a railway for loss of the society of plaintiff's wife, resulting from injuries occasioned by defendant's negligence, it appeared that after the accident the wife remained in bed for three weeks and abstained from going out of the house for three or four weeks, and no evidence was given as to any loss of services, as to any expense having been incurred, or as to the condition in life of the couple or the occupation of plaintiff, a judgment for plaintiff for $229 was excessive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 357–371.]

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by Albert Schulz against the Union Railway Company. Judgement for plaintiff, and defendant appeals. Reversed, unless plaintiff stipulates that the judgment be modified by reducing it to $50 and costs, in which case the judgment, as modified, is affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

William E. Weaver, for appellant.
Henry Waldman, for respondent.

GOFF, J. In his complaint the plaintiff alleged that because of injuries to his wife, occasioned by the negligence of the defendant, he was deprived of her society for "a long time," to his damage $249, and on the trial the jury rendered a verdict in his favor for $229. On this appeal the only question raised is that the damages were excessive.

It appeared on the examination of the wife, under the stimulus of persistent leading questions, that after the accident she took the next car home at 11:30 at night, suffered pain, and went to bed. A doctor called next morning gave her a liniment for external use. She remained in bed for three weeks, and "abstained" from going out of the house for three or four weeks. She has an action in her own behalf pending against defendant on account of the same accident. The doctor was not called as a witness. No testimony was given whatever as to any loss of services nor as to any expense having been incurred. Neither is there any testimony as to the condition or surroundings in life of the couple, or of the occupation of the husband. The single fact upon which the verdict must rest is that the husband was deprived of her "society" for three weeks. It cannot be said that he was deprived of her society during the time that she "abstained" from going out, and, indeed, a careful reading of the testimony might well give rise to the question whether he was deprived of her society at all. But the jury have found that he was, and by a process of calculation that is beyond comprehension fixed the amount of damages that would compensate him at $229. This case, tested by the rule of reason, produced an indubitable impression that a beneficent rule of law, designed to furnish a remedy for a substantial wrong, and not a fictional one, has been availed of in support of a claim that in itself, and in the most favorable light, is

shadowy and of little merit. Had a verdict for nominal damages been rendered, it would not have been a serious miscarriage of justice.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless plaintiff will stipulate that the judgment be modified, by reducing the same to $50 and appropriate costs in the court below, in which event the judgment, as modified, is affirmed, without costs of this appeal. All concur.